## HOWE v. UNITED STATES. *

Circuit Court of Appeals, Eighth Circuit.
March 21, 1929.

No. 8064.

H. L. Donnelly, of Kansas City, Mo., and M. A. McGruder, of Sedalia, Mo., for plaintiff in error.

Roscoe C. Patterson, U. S. Atty., and Harry L. Thomas, Asst. U. S. Atty., both of Kansas City, Mo.

Before KENYON, Circuit Judge, and JOHNSON and McDERMOTT, District Judges.

McDERMOTT, District Judge. The defendant was charged by information in four counts, for violations of the prohibitory law (27 USCA), acquitted on the first three, and convicted on the fourth. Many assignments of error are made, but only one need be considered.

Counsel for appellant would have saved himself considerable effort in gathering cases to support his argument that the offense charged in the fourth count was merged in the third, if he had read the information. The two offenses charged are more than a

*Rehearing denied May 23, 1929.

year apart, the third count charging a nuisance on August 16, 1926, and the fourth a sale on August 17 and 18, 1927. The record and briefs show that the first three counts all deal with the 1926 violation, although at one place in the record the second count charges the date as August 16, 1927, which is a misprint, either in the record or the information. These first three counts were originally filed October 18, 1926, and the 1927 offense, the fourth count, covered by amended information filed December 19, 1927. Since the defendant was acquitted of any trespass upon the law in 1926, we need only deal with the 1927 violation, charged in the fourth count.

That count charged a sale on August 17 and 18 of "16 cans of home-brew beer, 8 cans home-brew beer, 2 cans home-brew beer, and 4 drinks of colored distilled spirits; 8 cans home-brew beer, and one pint of colored distilled spirits." The demurrer was rightfully overruled. The evidence might show one sale of these liquors; that is, one transaction for a single price. The evidence might show the deal made right at midnight.

When the evidence came in, however, it showed several sales, part late on the 17th and part early on the 18th, the government operators having made a rather extended stay at the defendant's place. This evidence developed a situation where the district attorney might well have been required to elect upon which sale he relied, and seasonable request to that end was made. The court, however, took care of the defendant's rights in even a more emphatic manner by taking away from the jury every transaction of the evening, except "one pint of colored distilled spirits," because there was no evidence that any of the others were intoxicating. This left the jury with but a single clear-cut issue. If the defendant sold this pint, she was guilty; otherwise, not. No harm came to the defendant because of the failure to require an election earlier.

The case is ruled by Rolando v. U. S., 1 F.(2d) 110 (8 C. C. A.) where it is held: "But this information was not subject on its face to challenge, and the court permitted a general verdict of 'guilty as charged in the information herein.' The law guarantees to every defendant that the charge upon which he is tried shall be definite, certain, and single. The defect here might have been cured by requiring an election, or by direction that the verdict be special, specifying the offense of which he was found guilty; but it was not."

· The trial court, in the instant case, did better than require a special verdict; it directed a verdict upon every item charged but one. The evidence amply supports the verdict, and the judgment is affirmed.